IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WINDELL WEAVER,<br><br>        Plaintiff,<br><br>    v.<br><br>CORECIVIC, et al.,<br><br>        Defendants. | CIVIL ACTION NO.: 5:23-cv-61 |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant CoreCivic. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment failure to protect claims against Defendants Danforth, Stone, Clements, and Williams by separate Order. Also, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Restraining Order. Doc. 10.

### PLAINTIFF'S CLAIMS[1]

Plaintiff alleges Defendants are responsible for injuries he suffered when he was attacked by a fellow prisoner at Coffee Correctional Facility ("CCF") on May 13, 2023. Doc. 1. Defendants are CoreCivic, the entity that operates CCF, and individual employees at CCF. Before the attack, Plaintiff asked Defendants several times to place him in protective custody

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

because of threats made by other prisoners and prison officials. In September 2022, Plaintiff requested protective custody because gang members threatened him with violence if he stayed in general population. Id. at 6–7. Plaintiff wrote about this incident in a written request for protective custody and turned it in to Defendant Williams, but no one addressed Plaintiff's issues. Id. at 7. Gang members threatened Plaintiff on October 30, 2022. Id. Plaintiff filled out a "CoreCivic 5-1C statement form," again requesting protective custody, and turned it in to Defendant Clements. Id.

Plaintiff also reported threats made by prison officials. On November 2, 2022, Lieutenant Richardson[2] threatened to rape and beat up Plaintiff or to have other prisoners do so. Id. Plaintiff reported this "to PREA by phone" and on CoreCivic 5-1C statement forms. Id. Plaintiff turned the forms in to Defendant Clements and an assistant warden, Defendant Stone. Id. Plaintiff also wrote the warden, Defendant Danforth, a letter describing the threats and requesting protective custody. Id. Plaintiff met with Defendant Stone in his office about the threats after Lieutenant Ricardson and Officer Benjamin took a Christmas package from Plaintiff and gave it to a gang member on December 1, 2022. Id. at 8.

Plaintiff continued to report threats in writing to Defendants Danforth and Stone, but Plaintiff was not placed in protective custody. Id. at 9. Defendant Williams told Plaintiff he was denied protective custody on January 19, 2023, but would not explain why. Id. at 9–10.

---

[2] Plaintiff does not bring claims against Lieutenant Richardson or any of the individuals who threatened Plaintiff. Plaintiff only brings claims against prison officials who refused or failed to place him in protective custody, resulting in a gang member attacking Plaintiff on May 13, 2023.

Defendant Clements told Plaintiff he was denied protective custody at a hearing on May 8, 2023. Id. at 10.

Plaintiff was attacked on May 13, 2023, by a gang member who was placed in Plaintiff's administrative segregation cell with him. Id. at 10. The gang member told Plaintiff, "[I]t was a cash money 'hit' out" from two gangs at CCF. Id. at 5. The gang member kicked, punched, and stomped Plaintiff until he was unconscious. Id. Plaintiff suffered severe injuries to his back, spinal cord, neck, and head. Id. at 6. Plaintiff seeks monetary damages and legal fees. Id. at 12.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

I.  **Defendant CoreCivic**

In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations that contract with states to operate penal institutions are generally not considered legal entities subject to suit. Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dumas v. CoreCivic, Civil Action No. 5:20-cv-122, 2021 WL 1733499, at *1 (S.D. Ga. May 3, 2021) (holding, under the Eleventh Amendment, a plaintiff could not maintain plausible claims against the state department of corrections or the private corporation which operated the prison named in the suit). CoreCivic is a private corporation that contracts with the State to operate CCF. Therefore, CoreCivic is not a "person" subject to suit under § 1983. For this reason, I **RECOMMEND** the Court **DISMISS** all claims against Defendant CoreCivic.

II.  **Motion for a Restraining Order**

Plaintiff seeks an order directing his transfer from CCF to another detention facility or prison until the end of these proceedings. Doc. 10. To be entitled to a preliminary injunction or

a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).  In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites."  Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quotation omitted).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation."  Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).  Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion.  See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989).  In such cases, "[d]eference to prison authorities is especially appropriate."  Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not satisfied the prerequisites for injunctive relief at this time. Importantly, Plaintiff makes no showing that a temporary restraining order or injunctive relief is necessary to prevent irreparable injury. Plaintiff provides no argument or explanation about irreparable harm in his Motion. See Doc. 10. Plaintiff's allegations in his Complaint related to past harm are not sufficient to show Plaintiff is entitled to injunctive relief. Plaintiff has also not demonstrated a substantial likelihood of success on the merits at this time. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Restraining Order.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant CoreCivic. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment failure to protect claims against Defendants Danforth, Stone, Clements, and Williams by separate Order. Also, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for a Restraining Order. Doc. 10.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA