IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WINDELL WEAVER,<br><br>      Plaintiff,<br><br>    v.<br><br>WILLIAM DANFORTH, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 5:23-cv-61 |

**O R D E R**

Plaintiff filed a Motion for Subpoenas. Doc. 84. Plaintiff requests 12 subpoena forms in anticipation of trial. Id. at 1. Defendants have not responded to the Motion, and the time to do so has expired.

The court's power to subpoena witnesses for an indigent civil litigant is discretionary. See Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985) (noting a district court is only required to issue subpoenas for indigent parties in criminal cases and in civil habeas cases). In determining whether to allow any subpoena to issue on behalf of an incarcerated, pro se litigant and the scope of any such subpoena, the Court will balance the need to prevent the abuse of its subpoena power with the plaintiff's need to obtain the information sought by the subpoena. See Brown v. Johnson, No. 5:15-cv-89, 2016 WL 5387640, at *3 (S.D. Ga. Sept. 23, 2016).

Here, Plaintiff seeks blank subpoena forms. Under this Court's Standing Order of January 16, 1996, the Court will not issue blank subpoenas to any pro se litigant who is incarcerated in a jail or prison. Order, In Re: Subpoenas, 4:96-mc-6, at *1 (S.D. Ga. Jan. 16, 1996). The Court will consider an indigent party's requests for subpoenas but will only issue a

subpoena if the plaintiff demonstrates the necessity for a subpoena, in writing, to the Court. Per the Court's January 16, 1996 Standing Order, this demonstration need not be complex or lengthy. "All that is necessary is a simple written statement to the Court explaining the need for the subpoena, the party to be subpoenaed, and the relevance of the documents to be subpoenaed, if necessary." Id.

The Court **DENIES** Plaintiff's Motion. If Plaintiff has specific witnesses or documents he would like to request for use at trial, he may make those requests in writing once a trial date has been set.[1]

**SO ORDERED**, this 23rd day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] There is a currently pending motion for summary judgment in this case, and a trial date has not yet been set. Plaintiff is reminded that a subpoena must "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(A)(iii). If Plaintiff requests a subpoena for witness testimony and does not specify a time and place for the witness to testify, the request will be denied.